THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ARTURO MEDINA ASCENCIO, Defendant and Appellant.

No. 10281. Argued December 16, 1943.—Decided February 9, 1944.

Juan Nevares Santiago for appellant. R. A. Gómez, Prosecuting Attorney (Fiscal), and Luis Negrón Fernández, Assistant Prosecuting Attorney, for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

Arturo Medina was charged in the municipal court with carrying a prohibited arm in violation of Act No. 14, Laws of P. R., 1924, Special Session. On appeal to the district court, he was again convicted and sentenced to thirty days in jail. The case is here on appeal from that judgment.

The appellant alleges two errors: (1) a reasonable doubt as to his guilt existed, and the district court therefore erred in finding him guilty; (2) the lower court erred in not concluding that the defendant was carrying the arm "on account of his employment and while he was engaged therein". As both alleged errors go to the quantum of the evidence, we shall discuss them jointly.

Miguel Serrano, an insular policeman, testified that he had apprehended the appellant and others gambling at a game called Monte "at the side of a country road", and that the appellant had a knife in his hand. On cross-examination and redirect examination, he answered in a con-

fusing and contradictory fashion questions as to whether the defendant was seized with the knife in his possession. while on the lot of his house or on the country road.

However, another policeman, Santos Almodóvar, testified very clearly that the episode took place on the public road at about 10:30 p. m. He added that when the police arrived, the appellant threw the knife on the ground.

The appellant recalled Serrano as his own witness, who testified as to the former's good reputation in the community. On the facts he offered only his own testimony, to the effect that on the day in question he was returning from his regular occupation of cutting grass for the cows of one Lino Cepeda; that when he arrived in front of his house, the police had just apprehended some men who were gambling and also arrested him; that the knife was taken from him while he was on the lot of his house, which was adjacent to the scene of the gambling.

The evidence of the prosecution, if believed by the lower court, was sufficient to justify conviction on the charge herein. In the absence of passion, prejudice, or partiality, or manifest error, we accept the judgment of the lower court in resolving conflicts in the evidence such as those found herein. (*People* v. *Díaz*, 62 P.R.R. 477).

█ The fact that one of the prosecuting witnesses vacillated as to the scene of the crime did not in and of itself create a reasonable doubt which as a matter of law requires us to reverse the judgment of conviction (See *People* v. *Monroig*, 58 P.R.R. 103; *People* v. *Delerme*, 51 P.R.R. 503).

In the same way, there was no reversible error in the finding of the court, from all the testimony and the surrounding circumstances, that as a matter of fact at the time of his arrest the defendant was not carrying the knife "by reason or on occasion" of his employment.

The judgment of the district court will be affirmed.